**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**J. TIMOTHY HALTER,**

      **Petitioner,**

   **v.**                            **CASE NO. 2:07-cv-580**
                                      **CRIM. NO. 2:04-cr-189**
                                      **JUDGE SARGUS**
                                      **MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

      **Respondent.**


**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. However, his appeal is still pending in the United States Court of Appeals for the Sixth Circuit. *See* Doc. No. 113. Respondent therefore has filed a motion to dismiss this action without prejudice. Doc. No. 136. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED,** and that this action be **DISMISSED** without prejudice as premature. Petitioner may re-file his §2255 motion after his appeal is concluded.

Absent "extraordinary circumstances, a district court is precluded from considering" a §2255 motion during the pendency of the direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998), citing *United States v. Gordon,* 634 F.2d 638, 638-39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir.1970); *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968); *Masters v. Eide,* 353 F.2d 517, 518 (8th Cir.1965). "[D]etermination of the direct appeal may render collateral attack by way of a §2255 application

1

unnecessary." *Capaldi v. Pontesso, supra*, 135 F.3d at 1124, citing *United States v. Davis, supra*, 604 F.2d at 484-485. Here, there appear no extraordinary circumstances that would justify consideration of petitioner's §2255 petition prior to a decision on his direct appeal.

Further, the statute of limitations ordinarily does not begin to run until the date that the judgment of conviction becomes final, *i.e*., at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002), citing *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Therefore, the statute of limitations in this case has not yet begun to run and will not necessarily bar petitioner from re-filing his §2255 petition. Petitioner must re-file his §2255 petition within the one year statute of limitations.

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED**, and that the instant §2255 motion be **DISMISSED** without prejudice to re-filing upon a final decision on petitioner's direct appeal. *See Stover v. United States*, unpublished, 2006 WL 3241789 (N.D. Ohio November 6, 2006)(dismissing §2255 petition without prejudice as premature where direct appeal still pending).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

2

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge